Curia, per
Frost, J.
The obligation, the subject of *7 this suit, is dated in April, 1826, and payable the 1st of January, 1827. The intestate’s bond is dated the same day, and conditioned to make titles before the first of January succeeding. The failure of consideration of the obligation is clearly proved. To entitle the plaintiffs to recover, it'is necessary for them to prove an agreement by which a new consideration was substituted instead of the land contracted for, which was the original consideration. Such an agreement necessarily implies a rescission of the contract for the purchase of the land. No proof whatever was offered of any new agreement between the parties. If such an agreement had been made, it was very obvious and proper that the securities which the parties held should have been mutually surrendered, at least that the bond of the intestate should have been cancelled. The possession, by the parties, of the securities of the original contract^ raises a presumption against any new agreement. That they were retained by each and never demanded or enforced for many years, during their life time, may countenance the belief that the contract was rescinded by common and tacit consent. In such case the surrender of the securities was not material, since they afforded to each a security against any ■claim from the other. The only circumstance relied on. by the plaintiff, to sustain the conjecture of a new agreement is, that the defendant’s testator made a payment of fifty dollars on the fifth of February, 1827, and of eight dollars in April following. The witness, by whom these payments were made, had. forgotten all the circumstances except the receipt on the obligation, which he wrote. The payment •on the note more obviously implies the continuance of the old contract, than the existence of an agreement which had vacated it. The payments may have been made through ignorance that the land had been sold, and that the intestate could not make titles for it. The testator’s bond is claimed in discount; that can be discharged only by proof ■of a release or of satisfaction. No proof whatever has been produced on this subject, except the payments before mentioned. When parties have evidenced a contract by specialties, and a failure of consideration has been clearly established, the proof of any new agreement, by which the ori *8 ginal bargain was rescinded and another adopted in substitution of it, should be as clear and satisfactory, at least, as of an original undertaking, and not left for support on very slight presumptions, if not mere conjecture. Such is the character of the proof to sustain the plaintiff’s action, and a new trial is therefore granted.
O’Neall, Evans, Butler and Wardlaw, JJ. concurred.